UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAMIRO SANDOVAL, JR.,

    **Plaintiff,**

v.                                                Case No. 8:18-cv-1133-T-36AAS

U.S. DEPARTMENT OF EDUCATION,

    **Defendant.**

_____/

## ORDER

Defendant U.S. Department of Education moves to set aside a Clerk's default entered against it. (Doc. 13). Defendant's request is unopposed. (*Id.* at p. 7).

Plaintiff Ramiro Sandoval, Jr., submitted his complaint against Defendant on May 8, 2018, and a summons addressed to Defendant was issued the same day. (Docs. 1, 2). However, summonses have not been issued for the U.S. Attorney General or the U.S. Attorney for the Middle District of Florida. *See* Fed. R. Civ. P. 4(i)(1)-(2). In addition, Plaintiff's Motion for Clerk's Default and Motion for Entry of Final Judgment lists an incorrect address for the U.S. Attorney's Office. (*See* Docs. 9, 12).

Because of Defendant's failure to plead or otherwise defend against Plaintiff's complaint, the Clerk entered a default under Rule 55(a). (Docs. 9, 10). Plaintiff then moved for entry of final default judgment. (Doc. 12).

1

In addition to serving Defendant, Rule 4(i)(1)(A) requires service of process on the U.S. Attorney for the district in which the suit is brought. Service may be by personal delivery or by sending it "by registered or certified mail to the civil-process clerk at the United States attorney's office." Fed. R. Civ. P. 4(i)(1)(A)(i)-i(ii). In addition, Rule 4 also requires sending "a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1)(B). Although Plaintiff served Defendant, he has not served the U.S. Attorney General or the U.S. Attorney in this district.

A court may set aside entry of a Clerk's default for good cause. Fed. R. Civ. P. 55(c). "Good cause" under Rule 55(c) is a liberal standard. *Sherrard v. Macy's Sys. and Tech., Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018) (quotation and citation omitted); *see also Jones v.* Harell, 858 F.2d 667, 668–69 (11th Cir. 1988) (affirming district court that concluded party made "a bare minimum showing" to justify relief under Rule 55(c)). Setting aside the Clerk's default does not prejudice the non-defaulting party because Plaintiff does not oppose this relief. The court is satisfied good cause exists to set aside the Clerk's default against Defendant.

Accordingly, it is **ORDERED**:

(1) Defendant's Motion to Set Aside Clerk's Default (Doc. 13) is **GRANTED**. Defendant must respond to Plaintiff's complaint by **March 12, 2019**.

(2) Plaintiff's Motion for Default Judgment (Doc. 12) is **DENIED AS MOOT**.

**ENTERED** in Tampa, Florida on February 20, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge